IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY ROBBEN** | : | CIVIL ACTION NO. 2:18-CV-1279 |
| Plaintiff, | : | |
| v. | : | |
| **HCL AMERICA, INC.;** | : | |
| **LEGO SYSTEMS, INC.** | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

Plaintiff, Kimberly Robben ("Plaintiff"), brings this action against HCL America, Inc., and Lego Systems, Inc. (collectively "Defendants"), for unlawful age discrimination. Defendants' discriminatory conduct violated the Age Discrimination in Employment Act, as amended, by the Older Workers Benefits Protection Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff seeks damages, including compensatory, liquidated, attorneys' fees, and all other relief that this Court deems appropriate.

### II. PARTIES

1. Plaintiff, Kimberly Robben ("Plaintiff"), is an individual and resident of the state of California currently living in Twain Harte, California.

2. Plaintiff was born in July, 1958, and is currently sixty (60) years old.

3. Plaintiff was fifty-seven (57) years of age at the time Defendants failed to hire her into a position for which she applied, for which she was interviewed, and for which she was

qualified.

4. Defendant, HCL America, Inc. ("Defendant HCL"), is a corporation organized under the laws of California with its principal place of business located at 330 Potrero Avenue, Sunnyvale, California 94085.

5. Defendant, Lego Systems, Inc. ("Defendant Lego"), is a corporation organized under the laws of Delaware with its principal place of business located at 555 Taylor Road, Enfield, Connecticut 06082.

6. Defendants are interconnected for purposes of the actions complained of herein such that they are considered a "single" and/or "joint" employer and/or enterprise. Upon information and belief, Defendants collectively caused the actions complained of herein.

7. Defendants are engaged in an industry affecting interstate commerce and, upon information and belief, regularly do business in the Commonwealth of Pennsylvania.

8. At all times material hereto, Defendant Lego employed more than twenty (20) employees.

9. At all times material hereto, Defendant HCL employed more than twenty (20) employees.

10. At all times material to this action, Defendants were employers within the meaning of the state and federal laws which form the basis of this action.

11. At all times material to this action, Defendants acted by and through their authorized agents, servants, contractors and/or employees acting within the course and scope of their employment with Defendants or authorized by Defendants and in furtherance of Defendants' businesses.

2

## III. JURISDICTION AND VENUE

12. The causes of action set forth in this Complaint arise under the ADEA and the PHRA.

13. This Court has federal question jurisdiction over the ADEA claim (Count I) pursuant to 28 U.S.C. §1331.

14. This Court has supplemental jurisdiction over the PHRA claim (Count II) pursuant to 28 U.S.C. §1367.

15. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the events giving rise to Plaintiff's claims occurred within this district, and Defendants transact business in this district.

16. On or about August 24, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and cross-filed the same with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17. On or about June 28, 2018, the EEOC issued to Plaintiff Notices of Right to Sue with respect to each Defendant. Attached hereto, incorporated herein and marked as Exhibit "2" are true and correct copies of the Notices (with personal identifying information redacted).

18. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

19. In or about the spring of 2016, Plaintiff was actively searching for employment in the field of information technology. At this point, Plaintiff lived in New Castle, Pennsylvania.

20. On or about May 9, 2016, Plaintiff was contacted via e-mail by Meenakshi Gusain ("Gusain"), a technical recruiter for IDC Technologies, Inc., a third-party recruiting company. Plaintiff received this e-mail in New Castle, Pennsylvania.

21. In her e-mail to Plaintiff, Gusain wrote that she was recruiting on behalf of Defendant HCL and Defendant Lego for a full-time, "Business Analyst" position. Gusain shared the job requirements and instructed Plaintiff to send her résumé if she was interested in applying.

22. According to Defendant HCL's position statement to the EEOC, the Business Analyst position would "provide web, programming, and other IT development services to LEGO, one of HCLA's valued clients." Additionally, as per Defendant HCL's position statement to the EEOC, "[t]he position report[ed] to Nisha Verma, [Defendant HCL's] senior program manager working with the LEGO."

23. Upon reading the job requirements, Plaintiff determined that she was qualified for the Business Analyst position.

24. Consequently, on or about May 9, 2016, while still living in New Castle, Pennsylvania, Plaintiff responded to Gusain's e-mail, applied for the position, and submitted her résumé in addition to three (3) letters of recommendation.

25. On or about May 17, 2016, Gusain advised Plaintiff by e-mail that she had been selected for an interview.

26. Gusain scheduled the interview for May 18, 2016 and further told Plaintiff that she would only be interviewed for the position if she was able to appear via Skype.

27. Gusain further informed Plaintiff that Nisha Khanna Verma ("Verma") would be conducting Plaintiff's interview. Gusain also sent Plaintiff a link to Verma's LinkedIn page for Plaintiff to review prior to the interview.

4

28. Verma's LinkedIn profile stated that her title was Digital Producer, LEGO Group. Gusain also shared an email address for Verma containing a domain name for Defendant HCL.

29. On or about May 18, 2016, Verma interviewed Plaintiff for the Business Analyst position. The interview was conducted by telephone only due to technical difficulties with a Skype connection. Plaintiff spoke to Verma from her home in New Castle, Pennsylvania.

30. On or about May 19, 2016, Plaintiff accepted a LinkedIn invitation to connect from Gusain. Upon accepting her invitation, Gusain gained access to Plaintiff's complete LinkedIn profile which included information not available to the public, including Plaintiff's date of birth.

31. From on or about May 23, 2016 through June 2, 2016, Plaintiff followed up with Gusain and Verma by both telephone and e-mail to inquire as to the status of her job application.

32. On or about June 2, 2016, Gusain sent Plaintiff an e-mail which contained Plaintiff's interview "feedback" from Gusain's "client." In particular, Gusain wrote:

> **Kim Robben:** Good candidate from experience, knowledge perspective. However I am not sure about her team fit from kerins [sic] perspective as she is an elderly lady with lot of experience but not sure how she will it [sic] into the team. I will talk to kerin about it.

33. Plaintiff received the aforesaid e-mail from Gusain in New Castle, Pennsylvania.

34. Defendants hired a substantially younger individual for the Business Analyst position.

35. Defendants failed to hire Plaintiff because of her age (57).

36. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – ADEA

37. Plaintiff incorporates herein by reference paragraphs 1 through 36 as if fully set forth herein in their entirety.

38. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

39. Said violations were willful and warrant the imposition of liquidated damages.

40. As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

41. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

42. No previous application has been made for the relief requested herein.

## COUNT II - PHRA

43. Plaintiff incorporates herein by reference paragraphs 1 through 42 above, as if set forth herein in their entirety.

44. Defendants, by the above improper and discriminatory acts, have violated the PHRA.

45. Said violations were intentional and willful.

46. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

47. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

48. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

    (a)    declaring the acts and practices complained of herein to be in violation of the ADEA;

    (b)    declaring the acts and practices complained of herein to be in violation of the PHRA;

    (c)    entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

    (d)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

    (e)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

    (f)    awarding liquidated damages to Plaintiff under the ADEA;

    (g)    awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(h) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(i) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff demands a trial by jury.

ROTHMAN GORDON, P.C.

Dated: September 25, 2018  BY: /S/ Samuel J. Cordes
Samuel J. Cordes, Esquire
310 Grant Street
Third Floor – Grant Building
Pittsburgh, PA 15219
Tel.: (412) 338-1163
Fax: (412) 246-1763
Sjcordes@rothmangordon.com

CONSOLE MATTIACCI LAW, LLC
Brian C. Farrell, Esquire
(*Pro Hac Vice* Motion forthcoming)
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Tel.: (215) 545-7676
Fax: (215) 565-2851
farrell@consolelaw.com

Attorneys for Plaintiff,
Kimberly Robben